IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| POLARIS ENGINEERING, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. _____ |
| vs. | § | |
| | § | NOTICE OF REMOVAL OF ACTION |
| TEXAS INTERNATIONAL | § | UNDER 28 U.S.C. § 1441(a) |
| TERMINALS, LTD., | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Texas International Terminals, Ltd. ("TXIT") hereby gives notice of removal of the following lawsuit to the United States District Court for the Southern District of Texas – Galveston Division: Cause No. 23-CV-0399; *Polaris Engineering, Inc. v. Texas International Terminals, Ltd.*, in the 405th Judicial District Court, Galveston County, Texas (the "State Court Lawsuit"). In support of removal, TXIT submits the following:

### I. STATE COURT LAWSUIT

1. Plaintiff Polaris Engineering, Inc. ("Polaris") filed the State Court Lawsuit on March 14, 2023.[1] In the State Court Lawsuit, Polaris seeks a foreclosure of liens and asserts violations of the Prompt Pay Act.[2]

### II. PROCEDURAL REQUIREMENTS FOR REMOVAL

2. The State Court Lawsuit is properly removed to this Court because the State Court Lawsuit is pending within this district and division. 28 U.S.C. §§ 124(b)(2) and 1441.

---

[1] See Exhibit C
[2] See Exhibit C, at ¶¶ 18-23.

3. No defendant has been served with the State Court Lawsuit. Removal is therefore timely. *Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, No. 18-31184, 2020 WL 1682777 (5th Cir. Apr. 7, 2020).

4. Pursuant to 28 U.S.C. § 1446 (a) and Southern District of Texas Local Rule LR-81, the following items are included with this notice of removal:

| | |
|---|---|
| **Exhibit A** | Index of Exhibits |
| **Exhibit B** | Docket Sheet |
| **Exhibit C** | Unofficial Copy of Plaintiff's Original Petition |
| **Exhibit D** | List of Parties and Counsel |

5. This notice of removal is being filed with the District Clerk of Galveston County, Texas, and is being served on all known counsel pursuant to 28 U.S.C. § 1446 (d).

### III. REMOVAL BASED ON DIVERSITY JURISDICTION

6. Removal of the State Court Lawsuit is proper because complete diversity of citizenship exists between Polaris and TXIT, and the amount in controversy in the State Court Lawsuit exceeds $75,000.00 (exclusive of interest and costs). *See* 28 U.S.C. § 1332(a).

*Complete Diversity*

7. As stated in the State Court Lawsuit,[3] Polaris is a corporation incorporated under the laws of the State of Louisiana with its principal place of business in Lake Charles, Louisiana.

8. TXIT is a limited partnership incorporated under the laws of Texas with its principal place of business in Galveston, Texas. Its general partner is Sullivan Industrial LLC, a domestic limited liability company of Texas with its principal place of business in Galveston, Texas. The individual members of Sullivan Industrial LLC (Todd P. Sullivan, John R. Sullivan, and William W. Sullivan) are each citizens of the state of Texas.

---

[3] See Exhibit C, at ¶ 2.

*Amount in Controversy*

9. If the amount in controversy more likely than not (measured by a preponderance of the evidence) exceeds the jurisdictional minimum, then removal is proper. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675–76 (5th Cir. 2003). The burden of showing the jurisdictional minimum is met if it is apparent from the face of the plaintiff's petition that the amount in controversy exceeds $75,000.00. *See St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

10. In the State Court Lawsuit, Polaris seeks monetary relief of more than $1,000,000.00.[4] It claims the total amount TXIT owes is at least $26,936,846.67.[5] Although TXIT denies that Polaris is entitled to recover any damages, the allegations in Polaris's petition establish that the amount in controversy exceeds the $75,000.00 jurisdictional minimum.

## IV. CONCLUSION

There is complete diversity among the parties and the amount in controversy exceeds the jurisdictional minimum. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. All procedural requirements for removal have been met. Accordingly, TXIT removes this action from the 405th Judicial District Court, Galveston County, Texas to the United States District Court for the Southern District of Texas – Galveston Division.

---

[4] See Exhibit C at ¶ 4.
[5] See Exhibit C at ¶ 20.

Respectfully submitted,

By:    */s/ Timothy C. Ross*
Timothy C. Ross
State Bar No. 24056231
Federal Bar No. 704790
tross@andrewsmyers.com
**ANDREWS MYERS, P.C.**
1885 Saint James Place, 15th Floor
Houston, Texas 77056
Telephone:  713-850-4200
Facsimile:   713-850-4211

**ATTORNEY-IN-CHARGE FOR DEFENDANT**

**OF COUNSEL**
HUNTER M. BARROW
State Bar No. 24025240
Federal Bar No.: 25828
hbarrow@andrewsmyers.com
EMILY W. MILLER
State Bar No. 24079527
Federal Bar No. 1366940
emiller@andrewsmyers.com
ANDREW J. CLARK
Federal Bar No. 2996672
State Bar No. 24101624
aclark@andrewsmyers.com
**ANDREWS MYERS, P.C.**
1885 Saint James Place, 15th Floor
Houston, Texas 77056
(713) 850-4200 - Telephone
(713) 850-4211 – Facsimile
**ATTORNEYS FOR DEFENDANT**